IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:
SAMUEL L. DANIELS, and
BETTER QUALITY HOMES, INC.,

SAMUEL L. DANIELS, BETTER
QUALITY HOMES, INC. and M.
EUGENE GIBBS,

          Appellants,

  v.

GUY G. GEBHARDT,
United States Trustee, Region 21,

          Appellee.

1:12-cv-4181-WSD

**OPINION AND ORDER**

This matter is before the Court on Samuel L. Daniels ("Daniels"), Better Quality Homes, Inc. ("Better Quality Homes"), and M. Eugene Gibbs's ("Gibbs") (collectively, "Appellants") "Motion for Rehearing/Reconsideration" ("Motion for Rehearing") [N.D. Ga. 15] of the Court's May 16, 2013, Order [N.D. Ga. 13] dismissing Appellants' appeal from orders of the United States Bankruptcy Court for the Northern District of Georgia in In re Samuel L. Daniels and Better Quality

Homes, Inc., 10-70078-jem.[1] Also before the Court is Appellants' Emergency Motion for Injunction [N.D. Ga. 17].

## I.     BACKGROUND

On April 5, 2010, Daniels filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [Bankr. 1].

On May 20, 2011, Better Quality Homes, Daniels' wholly-owned company, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [Bankr. 133].[2]

On July 6, 2011, the bankruptcy court ordered that Daniels' and Better Quality Homes' (together, "Debtors") cases be jointly administered under Rule 1015(b) of the Federal Rule of Bankruptcy Procedure [Bankr. 134].

On March 5, 2012, the bankruptcy court, pursuant to 11 U.S.C. § 363, approved the auction sale of Debtors' real property located at 2129 Kristen Channel, Florence, South Carolina (the "Property") [Bankr. 168].

On May 24, 2012, Debtors filed an emergency motion to amend the March 5, 2012, order, because they learned that Gibbs had asserted a lien against the Property [Bankr. 180].

---

[1]     The Court uses "[N.D. Ga. ]" to refer to documents filed with the Court in this appeal, and "[Bankr. ]" to refer to documents filed with the bankruptcy court in In re Samuel L. Daniels and Better Quality Homes, Inc., 10-70078-jem.

[2]     In re Better Quality Homes, Inc., No. 11-65085-pwb.

On May 31, 2012, the bankruptcy court amended its order and directed that Gibbs' lien would attach to the proceeds from the sale of the Property, subject to a determination of the validity of his lien [Bankr. 186].

On June 6, 2012, Debtors moved for authorization to open a separate debtor-in-possession ("DIP") bank account to hold the net proceeds of the sale of the Property (the "DIP interest bearing account"). Debtors, who maintained another DIP bank account "to conduct its daily affairs," stated that they "[did] not wish to deposit the Net Proceeds [from the sale of the Property] into its ongoing DIP Account [sic]." (Debtors' Mot. to Open a Separate DIP Bank Account [Bankr. 189] at ¶ 5).

On June 11, 2012, the bankruptcy court granted Debtors' motion and ordered that the funds remain in the DIP interest bearing account until further order of the bankruptcy court [Bankr. 190].

On August 3, 2012, Daniels, without prior authorization, wrote two checks from the DIP interest bearing account: (1) in the amount of $98,408, payable to Gibbs; and (2) in the amount of $94,372.30, payable to himself.

On September 18, 2012, the United States Trustee moved to appoint a Chapter 11 trustee under 11 U.S.C § 1104(a)(1) and (2), based on Daniels' alleged

breach of fiduciary duty and self-dealing in writing the checks to Gibbs and himself [Bankr. 208].

On September 19, 2012, the bankruptcy court conducted a hearing and granted the United States Trustee's motion to appoint a trustee [Bankr. 210].

On September 24, 2012, Daniels moved *pro se* to vacate the bankruptcy court's September 19th Order appointing a trustee [Bankr. 214].

On September 25, 2012, the bankruptcy court appointed Robert Anderson as trustee [Bankr. 215].

On October 1, 2012, Daniels filed a second *pro se* motion to vacate the appointment [Bankr. 218].

On October 12, 2012, the bankruptcy court conducted a hearing on Daniels' motions [Bankr. 250]. On October 15, 2012, the bankruptcy court entered its order denying Daniels' motions to vacate the appointment of the trustee [Bankr. 227].

On October 31, 2012, Appellants[3] filed a notice appealing (1) "the [bankruptcy court's] September 25, 2012, order appointing Mr. Anderson as

---

[3] The Notice of Appeal is signed by Daniels and Gibbs. It states that "the issues appealed are in direct violation of DIP's rights and responsibilities to Better Quality Homes," and that Gibbs "joins this Appeal for the purpose of challenging venue and jurisdiction, as these issues relate to the improper appointments." (Notice of Appeal at 1). Daniels appears to refer to himself as "DIP." The Court notes that Gibbs' filings are nearly identical to the arguments raised by Daniels and do not address the alleged "venue and jurisdiction" issues.

4

[t]rustee," and (2) "the order affirming said appointment, after a hearing noting DIP's objections, held on or about the 19th day of October 2012." (Notice of Appeal, N.D. Ga. [1] at ¶¶ 2-3).[4]  Appellants argued that the bankruptcy court failed to defer to Daniels' decisions regarding use of funds in the DIP interest bearing account.  Appellants asserted that Daniels acted within "the course of business practices" by paying Gibbs from the DIP interest bearing account because the bankruptcy court "failed and neglected to properly address [Gibbs' lien]," and Daniels "paid a dept [sic] that was due and owed and had to be paid to avoid legal consequences in the State of South Carolina."  (Appellants' Br. in Supp. of Appeal [N.D. Ga. 4] at 4, 6).  Appellants claimed that the check Daniels drew from the DIP interest bearing account, payable to himself, was "to set forth the construction of a trailer park to generate income," id. at 6, and that construction of a trailer park is a generally accepted business practice in the construction industry, id. at 2.

On May 16, 2013, the Court dismissed Appellants' appeal.  The Court found that, because Appellants failed to file their appeal within 14 days after the entry of

---

[4]  The record does not reflect that a hearing was held on October 19, 2012. The bankruptcy court docket reflects a hearing on October 12, 2012, on Daniels' motions to vacate, and that on October 15, 2012, the bankruptcy court entered an order denying the motions to vacate.  The Court construes the Appeal as challenging the bankruptcy court's October 15, 2012, denial of the motion to vacate appointment of a trustee.  The October 15th Order is the last order entered before the Appeal.

5

the latest order from which they appeal, the Court lacked jurisdiction to consider Appellants' appeal.  The Court found further that, even if it had jurisdiction, the Appeal would be dismissed as moot because Debtors' case was converted from Chapter 11 to Chapter 7, and the trustee's appointment as a Chapter 11 trustee cannot now be vacated and Daniels cannot be restored to debtor-in-possession status.  Last, the Court found that, even if it had jurisdiction, and even if the Appeal were not moot, the Appeal would be denied on the merits because the bankruptcy court did not abuse its discretion in appointing a trustee under 11 U.S.C. § 1104(a).  The Court found that the bankruptcy court was not required to defer to Daniels' judgment regarding his business decisions because Daniels was not acting "in the ordinary course of business" when, in violation of the bankruptcy court's order, he wrote checks totaling more than $190,000 payable to Gibbs and to himself from the DIP interest bearing account.  The Court found that Daniels violated his fiduciary duty to the creditors of the bankruptcy estate through his self-dealing and gross mismanagement, and the Court concluded that appointment of a trustee was necessary to safeguard the interests of all the creditors—not just Gibbs—and the bankruptcy estate.

    On June 14, 2013, Appellants filed their Motion for Rehearing.

    On July 9, 2013, Appellees filed their Emergency Motion for Injunction,

seeking to "preserve the jurisdiction of this Court" and to "enjoin the trustee and lower court from any and all intimidation tactics including further arrest and threats of arrest."[5]

## II. DISCUSSION

### A. Legal Standard

Rule 8015 of the Federal Rules of Bankruptcy Procedure provides:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of subsequent judgment.

Fed. R. Bankr. P. 8015. Rule 8015 does not provide a standard for evaluating a motion for rehearing. Courts in this Circuit have "applied the same standard to motions for rehearing under Bankruptcy Rule 8015 as is applied to motions for reconsideration." In re Steffen, 405 B.R. 486, 488 (M.D. Fla. 2009) (citing In re

---

[5] Appellants' request for injunctive relief appears to be based on the bankruptcy court's June 11, 2013, order holding Daniels in contempt for failing to comply with his statutory duties under the Bankruptcy Code and directing the United States Marshal Service to apprehend and bring Daniels before the bankruptcy court for examination, pursuant to Rules 2004 and 2005 of the Federal Rules of Bankruptcy [Bankr. 330]. On June 17, 2013, the bankruptcy court issued its order authorizing Daniels' release from custody [Bankr. 331].

Envirocon Int'l Corp., 218 B.R. 978, 979 (M.D. Fla. 1998); Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993)).[6]

A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  See Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on

---

[6] Other courts have considered Rule 40 of the Federal Rules of Appellate Procedure 40 ("Rule 40") when applying Rule 8015.  See In re Fowler, 394 F.3d 1208, 1214-15 (9th Cir. 2005) (district court did not abuse its discretion by looking to Rule 40 for guidance in applying a reasonable standard to a motion for rehearing); In re Minh Vu Huang, 484 B.R. 87, 96 (D. Md. 2012) (citing Baumhaft v. McGuffin, No. 4:06-cv-3617-RBH, 2007 WL 3119611, at *1 (D.S.C. Oct. 22, 2007)); see also 10 Collier on Bankruptcy ¶ 8015.01 (16th ed. 2011).  Rule 40 states that "a petition for panel rehearing" following entry of judgment "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended."  Fed. R. App. P. 40(a)(2).

how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

B.   Analysis

Appellants move for rehearing on the Court's May 16, 2013, Order. Thus, the fourteen-day period within which to move for rehearing expired on May 20, 2013. See Fed. R. Bank. P. 8015 (motion for rehearing must be filed within fourteen days after entry of judgment); Fed. R. Bankr. P. 9006(a) (when a period is stated in days, count every day, including intermediate Saturdays, Sundays, and legal holidays); In re Reynolds, 215 B.R. 89, 91 (Bankr. N.D. Ga. 1997) (Additional three days provided by Rule 9006(f) are available only when a deadline runs from the date of service of an order or pleading, not when a deadline runs from the date of entry of an order or judgment.). Because Appellants filed their Motion for Rehearing on June 14, 2013, twenty-nine (29) days after entry of the Court's May 16th Order dismissing their appeal, their motion is untimely under Rule 8015. Appellants' Motion for Rehearing may be denied for this reason alone.[7]

---

[7]   To the extent Appellants seek "reconsideration" of the Court's May 16th

Even if Appellants' motion were timely, Appellants do not rely on any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact. Appellants' Motion for Rehearing fails to even address the basis for denial of their Appeal—that the Court lacks jurisdiction to consider Appellants' Appeal because it was untimely.[8] Appellants simply reiterate the same arguments asserted in their Appeal, and claim that "the

---

Order, when, as here, a district court is acting as an appellate court in a bankruptcy case, "Rule 8015 offers litigants the only means for challenging district court bankruptcy appellate orders." English-Speaking Union v. Johnson, 353 F.3d 1013, 1019 (D.C. Cir. 2004); see also In re Butler, Inc., 2 F.3d 154, 155 (5th Cir. 1993) (although titled "motion to set aside judgment and for new trial because of newly discovered evidence," motion seeking review of district court appellate order in bankruptcy case is a motion for rehearing required to be filed within time proscribed by Bankruptcy Rule 8015); 10 Collier on Bankruptcy ¶ 8015.01 (16th ed. 2011) ("Rule 8015 is the exclusive vehicle for seeking a rehearing when a district court has acted in its appellate capacity."). Even if it were permitted as a motion for reconsideration, Appellants' motion, filed twenty-nine (29) days after the entry of the Court's May 16th Order, is untimely under the Court's Local Rules. See LR 7.2E, NDGa. (A motion for reconsideration "shall be filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment.").

[8] Appellants conclusorily assert that the Trustee "represents the United States of America and as such-in [sic] his capacity as a party to the litigation, extends the time for the filing of a notice of appeal to sixty (60) days, not the fourteen (14) days alluded to by this Court." (Mot. for Rehearing at 1-2). Although unclear, and without citation to any legal authority, Appellants appear to be referring to Rule 4 of the Federal Rules of Appellate Procedure, which does not apply to Appellants' Appeal of the bankruptcy court's orders to this Court. See 28 U.S.C. § 158(c)(2) (appeal of a final order of the bankruptcy court must be filed "in the time provided by Rule 8002 of the Bankruptcy Rules."); Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 14 days of the entry of the judgment, order, or decree appealed from.").

facts of this case cannot be determined by standard practices and law."[9] Appellants fail to present any grounds upon which to support granting them relief from the Court's May 16th Order. Appellants' Motion for Rehearing is denied. Because the Court lacks jurisdiction over their Appeal, Appellants' Emergency Motion for Injunction "to preserve the jurisdiction of this Court" and to "enjoin the trustee and lower court from any and all intimidation tactics," is denied.[10]

---

[9] Appellants argue again that Daniels acted within "the course of business practices" by writing checks to Gibbs and himself from the DIP interest bearing account, including because the bankruptcy court "failed and neglected to properly address [Gibbs' lien]," because Daniels would be exposed to criminal and civil litigation arising from nonpayment of Gibbs' lien, and because Daniels wished to develop a trailer park. The Court has already rejected Appellants' arguments and found that appointment of a trustee was necessary to safeguard the interests of all the creditors, not just Gibbs, and the bankruptcy estate. (See May 16th Order at 9-13). That Appellants' Motion for Rehearing is nearly identical to Appellants' Brief and reiterates the same arguments, based on the same facts, does not support granting Appellants relief from the Court's May 16th Order. See, e.g., Arthur, 500 F.3d at 1343; Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

[10] Appellants' Emergency Motion for Injunction is required to be denied also because Appellants did not submit an affidavit describing the nature of the emergency and they do not state why the motion should not be remanded to the bankruptcy judge for consideration. See Fed. R. Bankr. P. 8011(d) (A motion for emergency relief "shall be accompanied by an affidavit setting forth the nature of the emergency. The motion shall state whether all grounds advanced in support thereof were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration."); In re Zahn Farms, 206 B.R. 643 (2d Cir. 1997) (denying emergency motion for failure to comply with Rules 8005 and 8011(d); where debtors did not first present motion to bankruptcy court and failed to submit

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Appellants' "Motion for Rehearing/Reconsideration" [15] is **DENIED.**

**IT IS FURTHER ORDERED** that Appellants' Emergency Motion for Injunction [17] is **DENIED.**

**SO ORDERED** this 10th day of February, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

required affidavit, debtors "denied [appellate court] the benefit of the views of the [j]udge who is familiar with the issues pertaining to any purported emergency"); cf. Fed. R. Bankr. P. 8005 ("A motion for . . . other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief . . . may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.").